UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JOSE HERRERA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:13-CV-418-WCL-JEM |
| | ) | |
| BP GLOBAL SPECIAL PRODUCTS | ) | |
| (AMERICA), INC., d/b/a BP GLOBAL, | ) | |
|     Defendant. | ) | |

**OPINION AND ORDER
AND FINDINGS, REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE PURSUANT TO
28 U.S.C. § 636(b)(1)(B) & (C)**

This matter is before the Court on Plaintiff's Motion to Substitute Real Party in Interest [DE 54], filed by Plaintiff on September 11, 2015, and Defendant BP Product North America Inc.'s Motion to Dismiss Under Fed. R. Civ. P. 25(a) [DE 57], filed by Defendant on September 22, 2015. Defendant filed a response opposing the motion to substitute on September 22, 2015, and Plaintiff filed a brief addressing both the motion to dismiss and the response to the motion to substitute on September 29, 2015.

On October 13, 2015, District Judge William C. Lee entered an Order [DE 68], referring the instant Motion to Dismiss to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). This Report constitutes the undersigned Magistrate Judge's combined proposed findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C) on the Motion to Dismiss. Plaintiff's Motion to Substitute Real Party in Interest is not subject to the Order of Referral.

**A.   ANALYSIS**

Plaintiff Jose A. Herrera died on March 27, 2015, as reflected in his death certificate filed

with the Court on June 3, 2015. In his Motion to Substitute, counsel for Plaintiff represents that on July 1, 2015, an estate was opened in Lake Circuit Court, and requests that "In the Matter of the Supervised Estate of Jose, Herrera, Deceased" be substituted as Plaintiff pursuant to Federal Rule of Civil Procedure 25(a)(1). The Court notes that this action for personal injury does not appear to be extinguished by the death of Mr. Herrera. *See* Ind. Code § 34-9-3-4 ("The personal representative of the decedent who was injured may maintain an action against the wrongdoer to recover all damages resulting before the date of death from those injuries that the decedent would have been entitled to recover had the decedent lived" when the decedent "(1) receives personal injuries caused by the wrongful act or omission of another; and (2) subsequently dies from causes other than those personal injuries."). Defendant objects to the requested substitution, arguing that it is untimely, and moves for the case to be dismissed.

Federal Rule of Civil Procedure 25(a) addresses substitution of a party upon death. It provides:

> (1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
> . . .
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Defendant argues that Plaintiff was require to move to substitute a new party within ninety days of June 3, 2015, when Plaintiff filed a motion that notified the Court and the parties of Mr. Herrera's death. Plaintiff argues that the motion, which requested that the Court stay proceedings

2

in the case and extend discovery deadlines because of Mr. Herrera's death, was not a suggestion of death. Plaintiff argues that mere reference to Mr. Herrera's death in a court filing is not a "statement noting death" within the meaning of Rule 25(a)(1) and that since this motion was not served on non-parties as required by Rule 26(a)(3), it does not start the ninety-day clock for filing a motion to substitute. Plaintiff explains that there was no estate administrator, executor, or other identified personal representative on June 3, 2015, who could have been served. Defendant responds that since counsel for Plaintiff also represents the executor of Mr. Herrera's estate, there did not need to be personal service of a notice of death pursuant to Rule 4, making the June 3, 2015, filing with the Court a sufficient suggestion of death to begin the ninety-day clock. However, the fact that the lawyer for Herrera is also the lawyer for the executor of the estate does not mean that he accepted service on behalf an estate that had not yet been opened. The Seventh Circuit Court of Appeals has made clear that "notice to the lawyers, service on the lawyers, knowledge of all concerned – nothing will suffice to start the 90-day clock running except service on whoever is identified as the decedent's representative or successor." *Atkins v. City of Chicago*, 547 F.3d 869, 874 (7th Cir. 2008); *see also Grandbouche v. Lovell*, 913 F.2d 835, 836-37 (10th Cir. 1990) ("The running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have knowledge of a party's death. Mere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution."); *Merit Ins. Co. v. Colao*, No. 75 C 899, 1986 WL 9543, at *5 (N.D. Ill. Aug. 27, 1986) ("Courts have found that where the statement of death does not list the name of an executor or administrator of the estate, although the information is readily available to the person filing the statement, the statement or suggestion of death is ineffective under

3

Rule 25."); 7C Charles Alan Wright *et al.,* Federal Practice and Procedure § 1955 (3d ed. 2015) ("The statement noting the death must be in writing and identify the representative to be substituted, and it must be served on the parties in accordance with the procedures of Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons."). Accordingly, the motion filed on June 3, 2015, was not a statement noting death that started the ninety-day limitations period in Rule 25. The Motion to Substitute was timely, and the Court recommends that the Motion to Dismiss be denied.

**B. CONCLUSION**

For the foregoing reasons, the Court hereby **GRANTS** Plaintiff's Motion to Substitute Real Party in Interest [DE 54] and **SUBSTITUTES** In the Matter of the Supervised Estate of Jose Herrera, Deceased for Jose A. Herrera. The Court **DIRECTS** the Clerk of Court to amend the caption to show "In the Matter of the Supervised Estate of Jose Herrera, Deceased for Jose A. Herrera" as party Plaintiff in place of Jose A. Herrera.

Because the briefing included enough information for the Court to rule on the pending motions, the Court **DENIES as moot** Plaintiff's Motion for Oral Argument Regarding Plaintiff's request to Substitute Real Party in Interest and Defendant's Motion to Dismiss Under FRCP 25(a) and All Responses Filed by Both Parties Regarding Same [DE 62].

The Court further **RECOMMENDS that the District Court DENY** Defendant BP Product North America Inc.'s Motion to Dismiss Under Fed. R. Civ. P. 25(a) [DE 57]. This Report and Recommendation regarding Defendant's Motion to Dismiss only is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen (14) days after being served with a copy of this Recommendation to file written objections thereto with the Clerk

of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260-261 (7th Cir. 1989); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

SO ORDERED this 14th day of January, 2016.

                                                  s/ John E. Martin
                                                  MAGISTRATE JUDGE JOHN E. MARTIN
                                                  UNITED STATES DISTRICT COURT

cc:    All counsel of record